UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE DOW CHEMICAL COMPANY,

                       Petitioner,

    v.

OLIN CORPORATION and
BLUE CUBE OPERATIONS LLC,
                       Respondents.

------------------------------------------------------------x

Case No. 1:20-mc-00287

**AGREED PETITION TO CONFIRM ARBITRAL AWARD**

## Nature of Proceedings

This is a petition for an order confirming the final arbitral award (the "Award") rendered on March 11, 2020 in an International Chamber of Commerce ("ICC") arbitration between Petitioner The Dow Chemical Company ("Dow") and Respondents Olin Corporation and Blue Cube Operations LLC (collectively, "Olin").

## Parties, Jurisdiction, and Venue

1. The Arbitration was seated in New York and the Award was made there. *See* Final Award, attached as Exhibit A to Declaration of Nathan P. Eimer, ¶ 18, p. 134. Dow brings this proceeding under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (the "FAA") to confirm a final arbitration award.

2. Petitioner Dow is a Delaware corporation with its principal place of business in Michigan. Dow's principal address is 2211 H.H. Dow Way, Midland, Michigan 48674.

3. Respondent Olin Corporation ("Olin Corp.") is a Virginia corporation with its principal place of business in Missouri. Its principal address is 190 Carondelet Plaza, Suite 1530, Clayton, Missouri 63105.

4.	Respondent Blue Cube Operations LLC ("Blue Cube") is a Delaware limited liability company. The sole member of Blue Cube Operations LLC is Blue Cube Holding LLC. The sole member of Blue Cube Holding LLC is Blue Cube Spinco LLC. The sole member of Blue Cube Spinco LLC is Olin Corp.

5.	This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

6.	Venue is proper in this district pursuant to 9 U.S.C. § 9 because it is "the United States court in and for the district within which" the Award was made.

7.	This Court has personal jurisdiction over Respondents pursuant to 9 U.S.C. § 9 and because the agreed-upon arbitration clause in the parties' contract designated New York as the place of arbitration and Respondents participated in the arbitration in New York City.

## The Arbitration Agreement

8.	Dow, Olin Corp. and Blue Cube are parties to the Site Services Agreement (Plaquemine, Louisiana), dated October 5, 2015 (the "SSA"), which sets forth the terms on which Dow provides services to Olin at the Plaquemine Site. The SSA is attached as Exhibit B to the Declaration of Nathan P. Eimer. Article II of Schedule L of the SSA provides that any dispute arising out of the agreement shall be finally resolved by arbitration seated in New York City applying Delaware law and conducted under the ICC Rules of Arbitration. *See* Ex. B to Declaration of Nathan P. Eimer, SSA Sched. L §§ 2.01, 2.02.

9.	Schedule L further provides that the arbitral tribunal shall have the authority to grant any remedy or relief that it determines to be appropriate and consistent with the agreement of the parties, including specific performance or injunctive relief. Finally, it provides that the

tribunal's award shall be final and binding and may be enforced by any court having jurisdiction over the award or the relevant Party or its assets. *See* Ex. B., SSA Sched. L § 2.01.

## Summary of the Underlying Dispute

10. Olin owns and operates a chlorine production facility, purchased from Dow in 2015, that is located within Dow's large petrochemical plant in Plaquemine, Louisiana. Olin needs a large amount of electricity and steam to power its operations. Pursuant to the SSA, Olin receives that electricity and steam from Dow, which operates a power facility at the Plaquemine Site.

11. The power facility is large and complex, and Dow spends tens of millions of dollars each year to maintain and sustain the infrastructure and equipment.

12. The SSA provides that Olin will pay a share of certain projects. *See* SSA §12.2; Site Services 70 (as amended), 72(b.), 72(e.), 72(f.), 72(h.). The share that Olin must pay is referred to as the "Service Recipient Share." *See* SSA § 1.1.

13. On August 10, 2017, Dow invoiced Olin in the amount of $31,474,379.14 for its share of Required Capital Projects that Dow undertook between October 2015 and July 2017. On April 29, 2018, Dow invoiced Olin an additional $18,631,947.86 for the Required Capital Projects that it undertook between August 2017 and February 2018.

14. Olin did not pay the August 2017 and April 2018 invoices (the "Disputed Invoices") because it disagreed with the method Dow used to calculate Olin's Service Recipient Share.

## The Arbitration

15. After exhausting other avenues to resolve the dispute, including mediation, Dow filed a Request for Arbitration with the ICC on October 1, 2018. The Request alleged Olin breached the SSA by failing to pay the two Disputed Invoices. Dow sought damages for the

breach and a declaration 1) ordering Olin to pay invoices for Required Capital Projects promptly regardless of any dispute and 2) affirming the methodology that Dow used to calculate charges in the disputed invoices. Award at 17-18.

16. Olin filed an Answer and Counterclaims on December 12, 2018. Award ¶ 29. The primary counterclaim alleged Dow overcharged Olin with respect to a monthly "Capacity Fee" that Olin paid Dow for Electric Operations and Maintenance Services. Award at 19. Dow replied to Olin's Counterclaims on January 15, 2019. Award ¶ 38.

17. Pursuant to the arbitration provision in the SSA, the arbitration was to be conducted before a tribunal composed of three arbitrators appointed in accordance with ICC rules. Dow nominated Laurence Shore as one of the co-arbitrators in its Request for Arbitration. On December 12, 2018, Olin nominated Elliot E. Polebaum as the other co-arbitrator. On December 21, 2018, the parties jointly nominated Philip Allen Lacovara as the President of the tribunal. The Secretary General of the ICC confirmed the nominations and constituted the tribunal on January 4, 2019. Award ¶¶ 24, 27, 30.

18. On January 18, 2019, the Tribunal circulated its Terms of Reference for the arbitration, which summarized the parties' claims, estimated damages and defined the issues to be determined by the tribunal. *See* Award ¶ 41.

19. The arbitration involved extensive briefing, testimony, and documentary evidence.

20. On May 29, 2019, the parties simultaneously submitted their opening presentations of evidence and legal argument. Dow's submission consisted of a 72-page brief, eight fact witness statements, one expert witness statement and 49 evidentiary exhibits. Olin's

opening submission consisted of an 88-page brief, four fact witness statements, three expert witness statements and 93 evidentiary exhibits. *See* Award ¶¶ 47-49.

21. On October 7, 2019, the parties filed their respective response submissions. Dow's consisted of a 53-page brief, eight witness statements (including statements from one new fact witnesses and four new expert witnesses), and fourteen new evidentiary exhibits. Olin's submission consisted of a 103-page brief, six witness statements and 89 new evidentiary exhibits. *See* Award ¶¶ 54-55.

22. In its Response Statement, Olin quantified its counterclaim, alleging that Dow had overcharged Olin by approximately $36.8 million. Award ¶ 56. The tribunal then permitted Dow to file a Reply submission addressing the revised counterclaim. *Id*. Dow did so on November 14, 2019. Dow's reply submission consisted of a 32-page brief, three more witness statements and nineteen additional exhibits. Award ¶ 59.

23. An evidentiary hearing was held in New York City over the course of four days from December 2, 2019 through December 5, 2019. At the hearing eleven witnesses who had previously provided witness statements or expert reports were called to testify. Each provided brief direct testimony (having already submitted written statements) and was cross-examined. Redirect and re-cross examination was permitted as requested by counsel. Award ¶ 66.

24. On December 7, 2019, the tribunal submitted a list of questions that the parties were invited to address in post-hearing briefs. Award ¶ 70. On January 17, 2020 each party submitted 100-plus-page post-hearing briefs supported with citations to hearing record. *See* Award ¶ 71. Those briefs addressed the disputed issues in light of the evidence developed at the hearing and responded to the tribunal's specific questions to the parties.

**The Arbitral Award**

25. The tribunal issued its Final Award on March 11, 2020. The Award was distributed to the parties on March 12, 2020.

26. Pursuant to ICC rules, Olin had until April 25, 2020 to apply to the tribunal for a correction or interpretation of the Award. Olin declined to do so.

27. Pursuant to Section 2.01 of Schedule L of the SSA, the Award is "final and binding." In addition, Article 35(6) of the ICC Rules of Arbitration provides that an award "shall be binding on the parties." It further provides that the parties to an ICC arbitration "undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse." The Award is therefore final and binding within the meaning of Chapter 1 of the FAA.

28. Counsel for Respondents has been consulted, and Respondents have no objection to this petition.

**COUNT I – CONFIRMATION OF AWARD**

29. Dow incorporates the allegations in paragraphs 1 through 11 as if set forth herein.

30. Section 9 of the FAA provides that if an award is not vacated, modified or corrected, "the United States court in and for the district" where the award was made "must grant" an order confirming that award. *See* 9 U.S.C. § 9. The Award has not been vacated, modified or corrected. None of the grounds for vacatur of the Award enumerated in 9 U.S.C. § 10 or for modification of the Award enumerated in 9 U.S.C. § 11 apply in this case.

31. Dow is entitled to an order confirming the Award pursuant to 9 U.S.C. § 9.

WHEREFORE, Dow prays that the Court enter an Order pursuant to 9 U.S.C. §§ 9 and 13 and Federal Rules of Civil Procedure 69 and 70 confirming the Award.

6

| | |
|---|---|
| Dated: August 17, 2020 | By: */s/ Nathan P. Eimer* |
| | Nathan P. Eimer (#1976067)<br>neimer@eimerstahl.com<br>EIMER STAHL LLP<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>Telephone: (312) 660-7600<br>Fax: (312) 692-1718 |